Parker, C. J.,
delivered the opinion of the Court. The principal argument in support of the defendant’s plea is, that a fair con struction of the statute, which, in the sixth section, provides for the disposition of money arising from sales of rights in equity to redeem lands, shares in the stock of incorporated companies, and personal chattels, where there are several executions, requires that the executions * on which payment is claimed, should [ * 405 ] be directed and delivered to the officer who makes the • sale, that he may make his return thereon, in order to protect himself against the debtor.
But there is no express requisition in the statute to this effect, and the implication is strongly the other way. The object of the legislature seems to have been to secure all the creditors, according to priority, who shall have made an attachment, or have taken the property in execution. The property taken being incorporeal and intangible, it could not be known whether it was attached or not; and it would be unjust that a creditor, who had taken the measures prescribed by the statute in making his attachment, should be defeated of his security; because, in the event, it should turn out that another officer had taken the same measures, of which no public notice had been given, or was required by law to be given.
In the case of personal chattels attached, another creditor, who would make a second attachment, must do it by the same officer who made the first; because he has possession of the chattels, and the creditor, therefore, knows to whom to deliver his writ. But in the case of shares in the stock of incorporated companies, and rights in equity to redeem lands mortgaged, which are the subjects of the provision of the statute cited, there is no change of possession.
The statute provides for the case of an attachment upon mesne process, made by some other officer, when the execution shall be delivered to the officer who makes the sale ; and also for the case of an execution, on which the interest was taken, whether delivered to the same officer or not. In the latter case, he may protect himself by requiring a copy of the execution, on which the demand is made, and a receipt from the officer holding it; which will go to discharge *336 him of the money, as well as his own return upon an execution _ would.
* It was suggested in the that because the legislature, by the statute of 1819, c. 212, has provided for the very case which this action exhibits, there was no remedy under the former statute. But statutes are often enacted to remove ambiguities, and to explain what might be considered doubtful. In such cases they are merely declaratory, and do not, of necessity, create a new remedy. It appears to us very clearly, that the first statute was sufficient for the case before us, and that the plea in bar to the action is insufficient.