## YELDELL & BANRES vs. STEMMONS.

*1.* A purchaser of slaves and a ferry boat at sheriff's sale, under an execution against a mortgagor in possession, cannot maintain replevin against the mortgagor. The mortgagor, in such case, is not estopped from setting up a want of property in the subject of the sale.

2. It was a principle of the common law, steadily maintained, that an equitable interest in chattels could not be sold under execution. A sheriff must actually seize the property on a *fi. fa.*, before he can sell. This was a requirement of the common law, and it has been sanctioned by our statute.

3. Our statute expressly subjects equitable interests in lands to sale; but not equitable chattle interests. At law, after forfeiture, the mortgagor has no interest in the chattles mortgaged. The right of redemption is a mere chose in action; not the subject of levy and sale upon execution. The creditor is not without redress; he may, by suitable proceedings ascertain the precise interest his debtor has in property, and then subject it to sale, when there can be no sacrifice.

## APPEAL from Boone Circuit Court.

### LEONARD, for appellants.

1. Mortgaged personal property, in possession of the mortgagor, even after the mortgage has become absolute, may be sold under execution against the mortgagor; and in a contest between him and the execution purchaser, he is estopped from setting up the mortgage to defeat the execution sale: Stone vs. Laughlin, 5 Mo. Rep. 43; Meeker vs. Wilson, 1 Gall. Rep. 424, 425; Klein vs. Graham, 3 Caines' Rep. 188; Stone vs. Scott, 18 John. Rep. 96; Jackson vs. Parker, 9 Cowen Rep. 80; McGregor vs. Darling & Hall, 3 Stew. & Port. 397. This last case is referred to in Perkins vs. Elliott, 5 Porter Rep. 189.

2. If the execution sale was void for want of a vendible interest in the mortgagor, then for the same reason he cannot recover damages for its detention.

### HAYDEN, for appellants.

1. The property levied upon and sold to the plaintiffs, was subject to the levy and sale, under the circumstances of this case, and the plaintiffs, by their purchase, acquired such a title, thereto, as against Stemmons, as to enable them to maintain their present action against him: 1 Gallison's Rep. 11, 19, 424, 425; 5 Ala. Rep. 664, 742, 743, 785; 3 Stew. & Porter, 397; 5 Stew. & Porter, 192; 5 Porter Rep. 182; 4 Ala. 402; 5 Mo. Rep. 43; 18 John. Rep. 96; 9 Cowen Rep. 80; 3 Caines' Rep. 188.

2. As the property was subject to sale under the executions, the plaintiffs became entitled to the possession therof, and the defendant was estopped to deny it; and therefore the circuit court, upon the trial of the cause, erred in permitting the defendant to give evidence conducing to show that he had previously mortgaged the same to others, who never had had the possession thereof, and who did not, in this action, interpose their claim against the plaintiffs' right of recovery.

3. The circuit court erred in refussing the plaintiffs' instructions, and in giving those as prayed for by the defendant.

4. The circuit court erred in not setting aside the verdict, and in refusing the plaintiffs a new trial as prayed for in their motion.

### CLARK, for respondent.

1. A mortgage of personal property, is from and after the execution and delivery, and record of the mortgage the legal owner, and the mortgagor retains no interest in it except by agree-

ment to that effect: Jamison vs. Brine, 6th Gill & Johnson, 72; 4 Randolph 248; 3 Fairfield 282; 8 John. 97; 4 Blackford, 425; 1 Pick. 399, 8 Vermont Rep. 434; 1 Peters 441; 13 Peters ·294; 4 Kent Com. 153; 1 Tucker's Com. 109; 1 McCord Chan. Rep. 486.

2. If the defendant, Stemmons, had any interest in the ferry boat and slaves, it was only an equitable interest, and such an one as was not subject to sale under execution. This point has been forcibly ruled for the appellee by this court in the case of King vs. Bailey, 8 Mo. Rep 332; see also, 8 East. Rep. 467; 1 Pick. 399; Hardin Ky. Rep. 19; Bosangeret & Puller 461; Freeman's Chancery Rep. 729; 4 Smedes & Marshall 153, 161; 8 Jchn. 96; 7 Cowen 290; 1 Vesey Rep. 435; 2 Tucker 361; 9 Wend. 258; 1 Comstock Rep. 295; 3 Wend. 500; 8 Wend. 347; 4 Cowen 461; 3 P. Williams 341; 2 Atkyn 290.

3. The bare possession of the property by Stemmons, the mortgagor, after the execution and delivery of the mortgage deed furnishes no presumption of a license to hold it: Day's Digest of Connecticut Reports, 326 sec. 77.

4. The circuit court did right in giving the third instruction asked by the defendant. The rule of law, governing the action of replevin, is that if the plaintiff fails to prosecute his suit with effect, he must return the property and pay such damages as will be equal to the value of the use of the property: Digest 1845, page 922, Title "Replevin;" 13 Mo. Rep. 28; Reed, guardian vs. Wilson & Gamer,

5. The defendant, Stemmons, was not estopped from showing that the plaintiffs purchased no title to the property in question at the sheriff's sale: 4 J. J. Marshall, 588–9; Major vs. Deer, 2 Penn. Rep. 798 (reported in the United States Digest, vol. 2, page 138, sec. 470; Title "Ejectment".)

Scott, J., delivered the opinion of the court.

This was an action of replevin, begun by the appellants against the appellee for three slaves and a ferry boat, purchased by the appellants at a sale under an execution against the appellee. The interest of the appellee in the slaves and boat was purchased by the appellants, who were not the plaintiffs in execution under which the sale took place, for the sum of two dollars. The appellee was mortgagor in possession of the property in controversy at the time of sale, and his equity of redemption was foreclosed during the pendency of this suit. The appellants having failed in their action, damages was assessed against them to the amount of five hundred and twenty-four dollars. After judgment, they appealed to this court.

The only questions that have been raised upon the record, are whether the appellants can maintain this action, and whether the appellee, Stemmons, being the defendant in execution, is not estopped from setting up the defence that he had no vendible interest in the property in controversy, or at least none such as was subject to sale under an execution.

It was a principle of the common law, steadily maintained, that an equitable interest in chattels could not be sold under execution. A sheriff must actually seize the property on a *fi. fa.* before he can sell. This was a requirement of the common law, and it has been sanctioned by our statute. The great sacrifice resulting from sale of the such in-

29

terests, has caused their prohibition. The interest of the debtor may be great or small, and as it is uncertain what will be realized by the purchase,there is almost invariably a ruinous sale. This very case demonstrates the impolicy of such transactions. Here is a sale of an interest in property for two dollars, and that property not having been delivered by the sheriff, has given rise to this vexatious and protracted litigation. Such will always be the case when there is a departure from first principles. Our statute expressly subjects equitable interests in land to sale; but not equitable chattel interests. At law, after forfeiture, the mortgagor has no interest in the chattels mortgaged. The right of redemption is a mere chose in action; not the subject of the levy and sale upon execution. The interest of the mortgagor, if definite and determinate, however limited, may be sold under execution; but a mere holding at the will of the mortgagee is not the subject of a sale. It does not comport with the dignity of the law, that such evanescent interests should be the subject of sale. It is unwarrantable interference with the rights of others. A levy by a sheriff on a slave, might frequently cause his escape. Why should the law suffer the property of a man to be sold, on an execution against another? Such interference, must prove injurious to the rights of the true owners. The creditor is not without his redress; he may, by suitable proceedings, ascertain the precise interest his debtor has in property, and then subject it to sale when there can be no sacrifice.

The authorities cited do not warrant the inference, that a debtor is estopped from availing himself of the want of property in the subject of sale, in an action against himself by the purchaser at such sale. The rule prohibiting a sale of the equity of redemption under execution, is designed to protect the property of the debtor from sacrifice; to prevent gambling about uncertainties, and such being its aim, there is a propriety in suffering the debtor to avail himself of this defence.

The damages assessed against the plaintiff, were for the use of the property. The jury have found that they have been benefitted so much by the use of the property, which they wrongfully took from the defendant. It has been ascertained that they were not entitled to the property; its value to them is deemed to be worth so much, there is then no injustice in making them pay the amount they have been benefitted by its employment. Where would be the justice, in permitting them for the sum of two dollars to hold on to the damages assessed by the jury.

The other judges concurring, the judgment will be affirmed.