Moncure, P.,
delivered the opinion of the court.
1. The court is of opinion, that a person’s whole estate, real, personal and mixed, subject to such exemptions as are made by law, is liable for the payment of his debts, and may be subjected thereto by judgment and execution, and such ancillary proceedings at law or in equity as may be necessary or proper to enforce such execution. When the debtor is a non-resident of the state, but has estate within the commonwealth, such estate may be subjected by attachment to the payment of the debt.
Such attachment may be levied on the estate itself, if it be tangible and in the debtor’s possession, or in the actual possession of no person. But if it be in the possession of another person than the debtor, such other *person must be summoned as garnishee. Such attachment becomes a lien on the debtor’s interest in the state from the time of the attachment thereon, or of the service of the summons on the garnishee, respectively, as aforesaid.
2. The court is further of opinion, that shares of a .stockholder in a joint stock company, incorporated by and conducting its operations in whole or in part in the state— such stockholder being himself a non-resident of the state — are such estate as is liable to be attached in a proceeding instituted for that purpose by one of his creditors in a proper court of the state; and such estate may properly be considered for the purpose of such proceeding as in possession of the corporation in which the shares are held, and *511 such corporation may properly be summoned as garnishee in the case.
Whether shares of a stockholder in a joint stock company be chattels or choses in action, has been a vexed question. The better opinion seems to be that they partake of the nature of choses in action. Angel & Ames on Corporations, § 560 et seq. and notes. Barksdale & als. v. Finney & als., 14 Gratt. 338, 357. But whether they be the one or the other, they certainly constitute a part of the owner’s estate, and as such are liable to the payment of his debts, and to a proceeding by attachment against him. The statute declares that they shall be deemed personal estate. Code, p. 550, § 21.
Several cases were cited by the counsel of the plaintiff in error in the argument of this case, to show that stock in a corporation is not subject to a proceeding by attachment against the owner — viz: Haley &c. v. Reid, 16 Georgia, 437; Ross &c. v. Ross, 25 Id. 297; Foster v. Potter, 37 Mo. 525. See also the Planters and Merchants Bank of Mobile v. Leavens, 4 Alab. R., New Series, 753.
*But these cases depend entirely upon the statute law of the states in which they were decided. Of course it depends upon the statute, wherever the subject is governed and regulated by statute, whether stock in a corporation shall be liable to an attachment against the owner, and if so, in what manner and to what extent. Titcomb v. The Union Marine and Fire Ins. Co., 8 Mass. R. 326.
In this state, the statute law subjects to the proceeding by attachment against a non-resident debtor, all his estate within the commonwealth which could be subjected to the payment of his debt if he resided therein. Before the revision of our statute law in 1849, the only remedy against a foreign debtor, owning or having an interest in property within the state, to subject such property or interest to the payment of the debt, was in equity, by a proceeding known by the name of a “foreign attachment.”
But in the revision of our Code in 1849, a radical change was made, at least in the form of proceeding in our attachment law. No change was made, for none was needed, in regard to the liability of a debtor’s whole estate, including his stock, if he had any, in a corporation within a state; for that was liable to the remedy by foreign attachment as that remedy aforetime was. But by the change then made, it was provided that, to subject the property within the state of a debtor residing out of it to_the payment of the debt, the proceeding by attachment should be at law, if the debt be recoverable by action at law; biA should be in equity, if the debt be recoverable in equity. See the report of the revisors, ch. 151, pp. 753-763, and notes.
Very soon after that revision was made, the former equitable remedy by foreign attachment was restored _ in regard to legal demands, but concurrently with the legal ^remedy given in such cases at the revision. Though our attachment law in other respects have ever since remained, and yet remains, substantially the same, or nearly the same, as it was recommended by „the revisors in their report, and adopted by the legislature in the revision aforesaid. As it now stands, it may be found in the Code of 1873, pp. 1008, 1016, ch. 148.
By reference to that chapter, it will be seen that the legislature has therein used the most comprehensive terms in describing the estate made liable to attachment; thus plainly showing its intention to embrace all estate of the debtor within the jurisdiction of the court, including his shares, if any, of such stock in a corporation. In the first section the word used is “estate,” without limitation or restriction, and the same word, or other words sufficiently comprehensive to embrace shares of stock in a corporation, are used in most of the sections of the same chapter; thus plainly showing that such shares are within the letter, as they certainly are within the spirit, of the law. In addition to § 1, see §§ 7, 9, 11, 12, 13, 15, 17, 18, 19, 23, 24, 25, 27, and 28 of the chapter.
That a corporation may be summoned and proceeded against a garnishee, in such cases, was expressly decided by this court in Baltimore & Ohio R. R. Co. v. Gallahue’s adm’rs, 12 Gratt. 655. That the corporation in which the shares are held in this case was properly summoned and proceeded against as a garnishee, seems to be very clear. The corporation is a trustee of the corporate property for the benefit of the corporators, who are the stockholders. They receive the profits of it in the form of dividends while the corporation continues to exist, and when it ends, the surplus which then remains of said property and profits is subject to be divided among them. The corporation alone, while it exists, is in possession of the corporate property. Jf these shares of stock in such ^corporations are liable to attachment, as we have seen they are, how can they be attached but by summoning the corporation as garnishee?
We have examined the case of Rollo, assignee, v. Andes Ins. Co., 23 Gratt. 509, but as there is nothing which is at all in conflict with this opinion, it is unnecessary to make any comment thereon.
3. The court is further of opinion, that although a court of equity might, and no doubt would, have had jurisdiction in this case, yet the court of law in which it was brought also had jurisdiction in it, and ample provision is made by law for obtaining relief in an action at law in such a case. Indeed, the same provision is made by law in regard to the mode and measure of relief in an attachment case, whether it be an action at law or a suit in equity.
4. The court is further of opinion, that the circuit court did not err in requiring of the garnishee a further and fuller answer than the one first given. But no exception was taken to the action of the court in that respect, and therefore no error can be assigned thereon.
5. But the court is further of opinion that the circuit court erred in not making an order requiring J. H. Oley to appear at such time as the court should have appointed, and state the nature of his claim to the stock in *512 controversy and maintain or relinquish it. The transfer to him of the shares of the said stock on the books of the corporation was made on the 20th day of January, 1873, which was long after the 20th day of May, 1872, when the attachment was issued and served on the Chesapeake and Ohio Railroad Company, and thus became a lien on and from that day, on the interest of the defendant, A. J. Trice, in said stock, which then stood and remained in his name on the books of the said corporation; so that it would appear that the right of the said attachment “^creditors is prior and paramount to that of the said Oley. But the latter might possibly be able to show, if he had an opportunity; that he had some prior equitable right to the stock.
6. And the court is further of opinion, that the circuit court erred in rendering a judgment against the garnishee for the value of said stock, at least unless it had appeared that the lien of the attaching creditor on the said stock was lost by the act of the said corporation; which does not appear from the record. If the stock be liable to the lien of the attachment, it ought to be sold for the satisfaction of the same, under an' order of court made for that purpose in the attachment proceeding.
7. The court is further of opinion, that there is no other error than as aforesaid in the judgment and proceedings aforesaid. But for the errors aforesaid, the said judgment is reversed, and the cause remanded to the said circuit court for further proceedings to be had therein to a final judgment in conformity to the foregoing opinion.
Judgment reversed.