GILBERT ELLIOTT, Assignee, Plaintiff in Error, *v.* SAM-
UEL BOWMAN, ET AL., Defendants in Error.

17a 693
33a 313
17 693
45 229

### May 19, 1885.

1. LEVY—ATTACHMENT—SAFE AND ITS CONTENTS.—A levy upon an iron
safe and its contents is a levy upon the contents, although the
sheriff is unable for a considerable time thereafter to open the
safe and take out the contents.

2. ———. ACCOUNT BOOKS.—A levy upon a debtor's books of account is
an inchoate levy upon the debts therein scheduled, and is good as
against the debtor's subsequently appointed general assignee.

APPEAL from the St. Louis Circuit Court, HORNER, J.
*Affirmed.*

MILLS & FLITCRAFT, for the plaintiff in error. In
order to make a good and valid levy, the sheriff
must have the goods and chattels under his view at the
time of the levy. Sect. 2357 Rev. Stat. Mo. 1879;
*Newman* v. *Hook*, 37 Mo. 207; *Douglass* v. *Orr*, 58 Mo.

576; *Camp* v. *Chamberlain*, 5 Denio 198–202. The mere seizure of the books of account and accounts does not alone operate to transfer the claims absolutely to the attaching creditor. Sects. 416, 427, 428, 429 Rev. Stat. Mo. 1879; *State ex rel Fichtenkam* v. *Gambs*, 68 Mo. 294; *Brower* v. *Smith et al.*, 17 Wis. 410-412; *Swart* v. *Thomas*, 26 Minnesota 141; *Ide* v. *Harwood*, 30 Minn. 191; Drake on Attachments, 6th edition, 1885, § 244 *d*, and authorities cited.

GEORGE W. TAUSSIG. and SIMON OBERMEYER, for the defendants in error. The levy upon the safe and its contents holds the contents against subsequent conveyances.—*Field* v. *Milburn*, 9 Mo. 493. Proceedings ancillary to the remedy by attachment relate back to the time of the levy unaffected by conveyances made subsequently to such levy.—*Lackey* v. *Seibert*, 23 Mo. 85. "When an execution is levied on personal property, the property is thenceforth in the custody of the officer, and other parties are precluded from taking or intermeddling with it."—*Ensworth* v. *King*, 50 Mo. 482.

THOMPSON, J., delivered the opinion of the court.

The question for decision arises upon the following agreed case : The Samuel Bowman Distilling Company, Gilbert Elliott, assignee of Samuel Marks, and Samuel Bowman, receiver, all of the city of St. Louis, Missouri, being parties to a question of difference, which might be the subject of a civil action, do hereby agree, without action, upon a case containing the facts upon which the controversy depends, and do hereby agree to present a submission of the same to the circuit court, city of St. Louis, Missouri. 1. And the parties hereto agree that the facts of their case are as follows: That on the fifth (5) day of June, 1883, one Samuel Marks, doing business as Samuel Marks & Co., in the city of St. Louis, Missouri, did execute a general deed of assignment to Gilbert Elliott as assignee for the benefit of all of his creditors, which said deed of assignment was duly

filed for record and recorded in the office of the recorder of deeds in and for the city of St. Louis on said 5th day of June, 1883, at ten o'clock, A. M., of said day (which said assignment is here shown to the court as a part of his stipulation); and that said Elliott did duly qualify as such assignee and is now the duly qualified and acting assignee of said Samuel Marks. 2. That the Samuel Bowman Distilling Company, a corporation under the laws of Missouri, did heretofore on the same day of said assignment, viz: on June 5th, 1883, institute a suit by attachment in this court, returnable to the October term, 1883, of this court, against the said Samuel Marks, doing business as Samuel Marks & Co. That thereupon, on the same day a writ of attachment was duly issued out of said court and to the sheriff of the city of St. Louis; that said sheriff did thereupon execute said writ of attachment in the city of St. Louis by a levy upon certain personal property of said Marks, making his return as follows: "Executed this writ in the city of St. Louis, this 5th day of June, 1883, at 8:45 o'clock, A. M., by levying upon, seizing and taking into my custody, as property of defendant, at 225 Market Street, the following described personal property, to-wit: a lot of cigars and tobacco, store and office fixtures and furniture, large safe and contents; books and book accounts; scales, truck, one-half barrel whiskey, and a lot of miscellaneous articles.

"ISAAC M. MASON, Sheriff.
"By J. F. MIELERT, Dpy."

That at the time said levy, as above recited, was made, the said safe so levied upon was closed and locked; that said safe remained so closed and locked; and the contents unviewed by the sheriff for more than twenty-four hours after said levy. That not until the lapse of twenty-four hours after said levy was the said sheriff able to open said safe and view the contents thereof for the first time. That said safe was locked by means of a combination lock, the numbers of which were unknown to said sheriff, so that he was unable to unlock said safe, and that the sheriff required the aid of an expert locksmith to

open the door of said safe; said Marks, at the time of said levy having refused to open said safe or give to the sheriff the numbers of the combination. That the contents of said safe consisted of the books and accounts of the said Marks, doing business as Samuel Marks & Co. That afterwards, to-wit, on the 11th day of June, A. D. 1883, the said Gilbert Elliott, assignee as aforesaid, duly filed with said sheriff his claim in writing, claiming said books and accounts, the contents of said safe, as assignee of said Marks & Co. That afterwards in the proceedings in said cause in said court, to-wit: on the 22nd day of June, 1883, the said court appointed Samuel Bowman to settle and collect all moneys due said Marks & Co., as appears to have been due him from said books of account. That said Bowman thereupon duly qualified as such receiver; and on the 22nd day of June, 1883, the said sheriff did deliver to said Bowman, receiver as aforesaid, all of the said books of account of said Marks, levied upon by the sheriff and held as aforesaid; and the said Bowman as such receiver thereupon issued to each debtor of said Marks a notice, a copy of which is hereto annexed, and proceeded to collect, and is now collecting said accounts, That judgment was rendered in said attachment proceedings, in favor of said Bowman Distilling Company against said Marks, on the 15th day of October, 1883, for the sum of $2,741.59, and said Bowman is now holding said accounts and the proceeds thereof to apply the same towards the satisfaction of said judgment. That if said accounts and the proceeds thereof are so applied to the payment of said judgment, the said assigned estate will not be sufficient to pay the claims against the same. And said Elliott, assignee as aforesaid, claims and demands said accounts and the proceeds thereof as the property of the assigned estate. Either party may offer and introduce any record evidence of the proceedings in the case of Samuel Bowman Distilling Company against Samuel Marks, of record in this court, relevant to the issues herein. That the parties hereto desire their respective rights to said accounts and the proceeds thereof

fully adjudicated and settled by this proceeding, and hereby consent and agree that the court shall enter the proper judgment herein. Either party may appeal from said judgment to the St. Louis Court of Appeals."

Upon the foregoing case the circuit court gave judgment for the defendants, and the plaintiff now prosecutes a writ of error.

Two questions arise upon this record : 1. Whether the levy operated as a levy upon the contents of the safe from the date when the sheriff seized the safe and took it into his possession, or from the date when he succeeded in getting the safe open and making himself acquainted with its contents. 2. If the levy was operative as a levy upon the books of account contained in the safe from the date when the safe was first seized under the writ, whether it was also operative as a levy upon the debts evidenced by such books of account; or whether a notice by a receiver to the respective debtors was necessary to effectuate the levy as a levy upon the debts.

I. Upon the first question the court is of opinion that the levy upon the safe and contents was an effectual levy upon the books of account within the safe from the time when the safe was actually seized by the sheriff. The authorities cited for the opposing view go merely to the extent of holding that, in order to make a valid levy upon personalty, the goods must not only be within the view of the officer, but there must be an actual manucaption, together with such oral declarations or other proceedings as would fully apprise all persons interested of the extent of the levy.—*Douglas* v. *Orr*, 58 Mo. 573; *Newman* v. *Hook*, 37 Mo. 207; *Yeldell* v. *Stemmons*, 15 Mo. 443; *Sams* v. *Armstrong*, 8 Mo. App. 573. This is in conformity with the definition of the word "levy" as used in our statute relating to executions, which "shall be considered to mean the actual seizure of property by the officer charged with the execution of the writ." Rev. Stat. Sect. 2357. In this case the sheriff, by an actual seizure which purported to be a seizure not only of the safe but of its contents, by demanding the combi-

nation of the defendant in the attachment suit, and by
making immediate endeavors to get the safe open, not
only placed the safe and the contents within his own
power so as to exclude the power of all other persons, but
by the most unequivocal assertion and conduct indicated
that his seizure extended to the contents of the safe as
well as to the safe itself.   The mere fact that he did not
know at the time of seizing the safe what its contents
were does not exclude the conclusion that his levy was
effective as a levy upon such contents from the date of
the seizure.   The contrary conclusion would be no more
absurd than to hold that where an officer levies upon a
quantity of goods in bales or boxes, without knowing
the nature of the goods, his levy is not effective until he
has had time to break the packages and expose the sep-
arate pieces of goods contained in them to his view.

II.   Upon the second question, the court is of opinion
that the physical levy upon the books of account within
the safe operated as an inchoate levy upon the debts
evidenced by those books of account.   We are not cited to
any direct adjudication upon the question in this state, but
it seems to be concluded by the language of the appli-
catory statutes.   Section 416, Revised Statutes, which
relates to the levy of attachments, declares:  "Under
an attachment, the officer shall be authorized to seize,
as attachable property, the defendant's account books,
accounts, notes, bills of exchange, bonds, certificates of
deposit, and other evidences of debt, as well as his other
property."   Section 420, which relates to the manner of
serving the writ contains the following provisions:   " The
manner of serving writs of attachment shall be as fol-
lows :   *   *   *   IV.   When goods and chattels, moneys
or evidences of debt, are to be attached, the officer shall
take the same and keep them in his custody, if accessible ;
and if not accessible, he shall declare to the person in
possession thereof that he attaches the same in his hands,
and summon such person as garnishee.   V.   When the
credits of the defendant are to be attached, the officer
shall declare to the debtor of the defendant that he

attaches in his hands all debts due from him to defendant, or so much thereof as shall be sufficient to satisfy the debt and interest, or damages and costs, and summon such debtor as garnishee.'' Section 427 provides for the appointment of a receiver in proper cases, and the two succeeding sections define his duties as follows : "When notes, bills, books of account, accounts, or other evidences of debt, are attached, they shall not be subject to be retained upon the execution of a delivery bond, as hereinbefore provided, but shall be delivered to the receiver, who shall proceed with diligence to settle and collect the same. For that purpose he may commence and maintain actions for the same, in his own name ; but in such actions no right of defence shall be impaired.'' Revised Statutes, section 428, "The receiver shall forthwith give notice of his appointment to the persons indebted to the defendant. The notice shall be written or printed, and shall be served on each debtor, by a copy delivered to him, or left at his place of residence or business ; or, if he reside in another county, by copy deposited in the post-office, and addressed to him at his place of residence ; and from the date of such service and knowledge thereof, every such debtor shall stand liable, and shall account to the receiver for the amount of moneys and credits of the defendant in his hands, or due from him to the defendant.'' Revised Statutes, Section 429. Reading these sections together, there can be no mistake as to their meaning. Sections 416 and .0 authorized the seizure of the defendant's books of a( ᵓᵘnt. Of course this must mean something. It must mean that the sheriff seizes them for some purpose ; and their seizure would be meaningless and absurd, if he had no greater power over them than to sell them to a junk-dealer as so much old paper at half a cent a pound ; but it would also be most oppressive to the debtor and injurious to the attaching creditor himself, because it would result in obliterating the defendant's evidence of such of his debts as were due by open account, thereby impeding and embarrassing the collection of the same. But, to make it clear that the

statute does not mean this, it proceeds to tell, in section 428, what shall be done with books of account, accounts, and other evidence of debt so seized. "They shall not be subject to be retained upon the execution of a delivery bond   *   *   *, but shall be delivered to the receiver, who shall proceed with diligence to settle and collect the same." Then follow provisions as to the manner in which receivers shall proceed to collect and settle the same. The only meaning of these sections can be that when the sheriff, executing a writ of attachment, seizes upon the debtor's books of account, he makes such a levy upon the debts of which those books contain evidences as excludes the rights of the debtor therein, and also the rights of any subsequent purchaser of such debts from the debtor. This plaintiff, as assignee of the debts for the benefit of his creditors was a purchaser of the debtor for value (*First National Bank* v. *Hughes*, 10 Mo. App. 7, 17) of such property as the debtor had at the time when the deed of assignment was put on record. But at the time when this deed of assignment was put on the record, the debtor had been divested of the credits evidenced by the books of account which the sheriff had attached in his safe. With the levy of the attachment his right to collect such accounts ceased, and he could not thereafter convey such a right to another person. It may well be that the persons owing these debts to the debtor in the attachment suit would be protected in paying them to his assignee if they had no knowledge of the levy of the attachment. *Choate* v. *Noble*, 31 Mo. 341. But this does not answer the question here involved. The assignee can possess in respect of these debts no higher right than his assignor had. If he were to collect them from the innocent debtors without informing them that they had been impounded by the sheriff's levy, he would proceed in his own wrong and would, we apprehend, be accountable to the receiver who was appointed in this case to collect these particular debts for the purpose of applying them to the satisfaction of the demand of the plaintiffs in the attachment suit.

We are referred to decisions in Wisconsin and Minnesota which go to show that where books of account are seized under attachment, there is no levy upon the debts evidenced by them until the respective debtors have notice.—*Brower* v. *Smith,* 17 Wis. 410 ; *Ide* v. *Harwood,* 30 Minn. 191 ; *Swart* v. *Thomas,* 26 Minn. 141. But these decisions appear to be based upon a statute different from ours, and they are therefore not applicable here, even as persuasive authority.

The judgment of the circuit court will be affirmed. All the judges concur.