F. A. CRESSY v. KATZ-NEVINS-REES MANUFACTURING COMPANY, Interventer, Appellant.

Attachment: Release, What is not. Where an agreement is made between all attaching creditors, the debtor, and his assignee, that a third person may sell the attached property, the proceeds to be a fund in court, and that all rights remain, the attachment is not released in favor of a writ subsequently levied.

SAME. The assignment by the debtor being held void, the above arrangement amounted to a preference, and the subsequent writ took nothing, unless there was a surplus after paying the parties to said agreement.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, Judge.

FRIDAY, MAY 25, 1894.

ACTION at law, aided by attachment to recover of W. S. Bruen an amount alleged to be due. The intervener claims a lien on the attached property superior to that acquired by the plaintiff. There was a trial by the court, without a jury, and a judgment against the intervener, from which it appeals.—*Affirmed.*

*Flickinger Bros.* for appellants.

*Benjamin & Preston* for appellee.

ROBINSON, J.—In December, 1890, W. S. Bruen made a general assignment for the benefit of his creditors, to L. F. Potter. In January, 1891, the plaintiff commenced this action against said Bruen to recover the sum of one thousand, one hundred and fifty dollars, and caused a writ of attachment to issue therein against his property. It was levied upon a stock of merchandise which belonged to the defendant, and was contained in the store room, cellar, and outbuildings on

certain lots in the town of Oakland, and the property levied upon was taken into the possession of the sheriff who levied the writ. Eight other actions were commenced by as many different parties against the same defendant, in all of which attachments were issued and levied upon the property described; the levy of the plaintiff being the first in order. After that had been done, the intervener commenced an action against the the same defendant, which was also aided by an attach- ment, which was levied upon certain real estate. In February, 1891, the assignee, Potter, filed in each of the ten cases a petition of intervention, in which he claimed the attached property by virtue of the assignment. While those cases were pending, the parties to the first nine cases entered into an agreement in writing, which was filed in court. It provided that the property attached in those cases might be sold at private sale for cash at such prices as the parties should agree upon, either at retail or as a whole, or at public auction; and that the proceeds of the sale should be deposited in bank to the credit and subject to the order of the clerk or his deputy at Avoca, to be held by the clerk, sub- ject to the order of the court to be made upon the final determination of all controversies then exist- ing or which might thereafter arise. It also pro- vided that, in case the stock should be sold at private sale, A. A. Bruen, or any other person the parties might thereafter agree upon, should be placed in charge of it, with full authority to carry out the terms of the agreement. The agreement also contains the follow- ing: "And nothing herein shall be held in any man- ner or to any extent to vary the rights of the parties hereto as such rights now exist in relation to the pro- ceeds from said property, and whatever rights in or liens on the property any of the parties hereto now have, the same shall exist to the same extent as to said proceeds, and nothing herein shall prevent the said

assignee and intervener from asserting whatever right he may now have to the property as against the proceeds thereof. Nothing herein contained shall be construed to be a waiver of any legal right, or of a recognition of each other's rights, to said property, it being the intention that the proceeds of the sale of said property shall stand in lieu of the property, and that the right of no party hereto shall be advanced or diminished by virtue of this agreement; and the sheriff is hereby authorized and directed to deliver the said property to said A. A. Bruen." A. A. Bruen took possession of the attached merchandise, and commenced to sell it at private sale under the agreement. The issues raised by the petition of intervener filed by the assignee in each case were tried, and the assignment was held to be invalid, and the attached property was adjudged to be subject to the rights of the attaching creditors. After A. A. Bruen took possession of the attached property under the agreement, the intervener caused to be issued and directed to the deputy sheriff of Avoca a second writ of attachment, and directed him to levy it upon the merchandise and possession of A. A. Bruen, which was done. The intervener claims that by the levy so made it acquired a lien on the attached property which is paramount to the right or lien of plaintiff in each of the first nine cases. By agreement of parties, those cases were tried and submitted together.

I. The appellant states that "the only question in this case is, 'Did the attaching creditors who entered into the stipulation lose their attachment liens by releasing their levy, and surrendering this property under said stipulation to A. A. Bruen?'" The question does not fairly present the facts. The agreement carefully preserved the rights which the several parties in interest had in the property, and provided that such rights should exist to the same extent to the

proceeds of sales. A. A. Bruen may be regarded as holding the unsold property for the sheriff, and while that was in his hands, it certainly had not been released from the liens of the attachments, and the intervener acquired no liens upon it. There is no express provision of the law which authorizes the sale of attached property by agreement of parties, and the continuing of the attachment as to the proceeds, but the agreement in this case provided that the proceeds should be paid to the clerk of the court, to be held subject to the order of the court for the purposes of the cases in which the attachments had issued. The agreement seems to have been for the benefit of all parties in interest, including the creditors of the debtor, and it was in harmony with the purposes of the law, and prejudiced no one. We think the money realized from the sale should be treated as a fund in court, held for the payment of the attaching creditors in the first nine cases, according to their respective interests.

II. The rights of the plaintiff and others claiming under the agreement to the property in question and its proceeds may be maintained on other ground. When the agreement was made, and the property was delivered to A. A. Bruen, all the parties who had any direct claim to the property had assented to what was done. W. S. Bruen, the owner, and his assignee, and all creditors who had attached the property, were parties to the agreement. As the assignment was invalid, the owner then had the undoubted right to place the property beyond the reach of creditors who had not attached by making an arrangement, in good faith, for the appropriation of the property to the payment of his debts owing to the creditors who had acquired liens on it by their attachments. That is what was done. The intervener might have reached any surplus not required for the payment of those creditors by the process of garnishment, but it appears there was

no surplus. The attachment of the intervener was released by the giving of an indemnifying bond, and the property was sold, but all the proceeds of the sales made by A. A. Bruen and the sheriff were insufficient to pay creditors whose claims to the property were senior to that of the intervener; therefore it acquired nothing by its attachment. The judgment of the district court is AFFIRMED.