F. E. SMITH and E. F. GREEN v. SIOUX CITY NURSERY & SEED COMPANY *et al.,* Defendants, C. C. MORSE & COMPANY *et al.,* Interveners, Appellants, and SIOUX NATIONAL BANK *et al.,* Interveners, Appellees.

Injunction: SALE IN VIOLATION OF: *Title.* Pending the appointment of a receiver at the suit of stockholders, an injunction restraining the defendant corporation from transferring its property was issued. At the same time, and before the appointment of the receiver, certain creditors levied attachments upon the property of the defendant corporation, and its officers, in violation of the injunction, transferred certain property to secure its debts. Thereafter the stockholders who had procured the issuance of the injunction and who had instituted the suit, the attaching creditors, and the creditors to whom the property had been transferred agreed that a receiver should be appointed, and that they would return the property attached and transferred to them to the receiver, and that he should pay their claims out of the administration of the estate in preference to the creditors. This agreement was confirmed by the court, and an order made directing the receiver to

perform it. *Held*, that unsecured creditors could not under such circumstances, insist that the title to the property assigned in violation of the injunction did not pass thereby.

**Application for Receiver:** EFFECT ON ALIENATION. The pendency of an application for the appointment of a receiver does not suspend the rights of a debtor to alienate his property, or that of creditors to attach, if they act in good faith.

**Preference:** BY CREATION OF RECEIVER. A court is authorized to direct a receiver to pay attaching and preferred creditors the amount of their claims in preference to general creditors out of the proceeds of property on which they have secured a lien prior to the appointment of a receiver, and which they have turned over to the receiver under an agreement that their claims shall be paid in preference to the general creditors; but such order should be vacated to the extent that it provides for the preference of such creditors' claims from the proceeds of property other than that on which their lien has attached.

**Fraudulent Conveyance:** ATTACK: *Creditors without lien*. A creditor who has not reduced his claim to judgment, or otherwise secured a lien therefor on the property of the debtor, cannot attack an attachment levied on the property of his debtor, or the *bona fides* of the appointment of a receiver therefor.

SAME. A creditor cannot, before judgment and return of execution unsatisfied, maintain a creditor's bill for the sequestration of the debtor's property and the appointment of a receiver.

**Attachment:** BOOKS OF ACCOUNT: *Accounts charged*. A levy of an attachment on books of account is not a levy on the debts charged therein.

*Appeal from Woodbury District Court.*—HON. FRANK R. GAYNOR, Judge.

SATURDAY, MAY 27, 1899.

ON May 6, 1896, two stockholders of the Sioux City Nursery & Seed Company applied for the appointment of a receiver therefor. That night the Sioux National Bank and other creditors sued out writs of attachment, and caused them to be levied on a large portion of its property, and the company secured the payment of many debts by assigning about thirty thousand dollars in the face value of accounts. On the following day, by oral agreement of all but two of the attaching creditors, the assignees of the accounts, and the officers

of the company, a receiver was appointed. A written stipula-
tion was entered into that all the property be turned over to
the receiver, and be conveyed to him by the company, and
that each lien procured by attachment or assignment of
account be first satisfied out of the property; and this was
confirmed by the court, and an order entered directing the
receiver to carry out the agreement. On the first day
of June the unsecured creditors moved for the vaca-
tion of the above order, and on the same day filed their
petition of intervention, averring that the application for and
the appointment of a receiver, together with the levy of the
writs and the transfer of accounts, amounted to a general
assignment with preferences, and was the result of a con-
spiracy between the officers of the company and certain cred-
itors to accomplish that object. Other issues were also raised.
The court directed payment of the secured debts as previously
ordered, and the unsecured creditors appeal.—*Modified* and
*affirmed.*

*Marsh & Henderson; R. H. Brown* and *Hallam & Stev-
enson* for appellants.

*Taylor & Burgess, George Conway, Wright, Call, &
Hubbard, Quick & Carter, W. H. Farnsworth,* and *Marks
& Mould* for appellees.

LADD, J.—The appellants are not in a situation to attack
the proceedings in which the receiver was appointed, the
attachments sued out, and the assignments of accounts as
fraudulent, either when taken together as constituting a gen-
eral assignment with preferences or when separately
considered. They have not recovered judgment on
their claims, and have no liens whatever on the prop-
erty, nor interest therein, other than that every creditor has
in the estate of his debtor. That a third party, who has not
reduced his claim to judgment, and has no interest in or lien
on the property affected, cannot question the validity of an

attachment levied thereon, or the *bona fides* of its transfer, is too well settled in this state to admit of argument. *Shoe Co. v. Mercer,* 84 Iowa, 537; *Hill v. Denneny,* 106 Iowa, 726; *Goode v. Garrily,* 75 Iowa 713; *Faivre v. Gillman,* 84 Iowa, 573. Even were a general assignment with preferences proven, the appellants are not in a position to derive any advantage from such a conclusion. In that event the receivership would necessarily fall, and, with it, the allowance of the claims filed subject to the determination of this controversy; and on their naked indebtedness they could not base an application for the sequestration of the property to its payment, nor for the appointment of another receiver, through whom to reach it. Code, section 3822; *Clark v. Raymond,* 84 Iowa, 251; *Dickerson v. Bank,* 95 Iowa, 392. Whether an appointment of a receiver may be construed as a part of a fraudulent assignment, we do not find it necessary to determine.

II. On the same evening of the application for the appointment of a receiver, an amendment to the petition, averring that the company was about to dispose of its property and assign its account to secure preferred creditors, was filed, and a writ of injunction issued, enjoining the company from so doing. Service was acknowledged by the general manager, though he denies having knowledge of the contents of the writ, and he put in the entire night scheduling the accounts, and assigned about thirty thousand dollars of them to secure debts of the corporation. It is said the transfer of the accounts was in violation of the writ of injunction prohibiting their assignment. If this be true, the parties suing out the writ waived its violation prior to the appointment of the receiver, and joined in a stipulation that the debts secured thereby should be paid from the proceeds of their collection. The company had the right, but for the writ, to transfer its accounts as security to its creditors, and any advantage derived from the prohibition of this act might be waived. Spelling Extraordinary Relief,

section 1116. The rights of the unsecured creditors under the receivership did not attach until the appointment, and at that time the only parties interested in the writ had agreed it should be disregarded. Under these circumstances we think the appellants may not insist that title to the accounts did not pass by virtue of their assignment.

III. The fact that the proceedings were begun for the appointment of a receiver did not suspend the right of creditors to attach, nor that of the company to assign its accounts as security for the payment of its debts, if in doing so it acted in good faith. While there is some conflict in the authorities as to whether property of the debtor passes in *custodia legis* at the time the receiver is appointed, or when he assumes possession, all agree that the *jus disponendi* is not affected by the application, and continues, at least, till the making of the order of appointment. *Cook v. Cole*, 55 Iowa, 72; *Van Alstyne v. Cook*, 25 N. Y. 489; Thompson Corporations, section 6919; 20 Am. & Eng. Enc. Law, 132.

IV. The receiver takes the debtor's property subject to the payment of all valid prior liens. Code, section 3825; *Union Bank of Chicago v. Kansas City Bank,* 136 U. S. 223 (10 Sup. Ct. Rep. 1013); *Kneeland v. Trust Co.,* 136 U. S. 89 (10 Sup. Ct. Rep. 950); *Van Alstyne v. Cook,* 25 N. Y. 489. We have so held in the case of an assignee for the benefit of creditors, and there is no reason why the same rule should not obtain to a receiver. *Meyer v. Evans,* 66 Iowa, 184. Such incumbrances are entitled to protection, and to payment from the property which they cover. *State v. Superior Court of Chehalis County,* 8 Wash. 210 (35 Pac. Rep. 1087); *Walling v. Miller,* 108 N. Y. 173 (15 N. E. Rep. 65); *Ellis v. Water Co.,* 4 Tex. Civ. App. 66 (23 S. W. Rep. 856). As the liens of the attachment levies and assignments of accounts must, in any event, have been paid from the incumbered property, there is no ground for assailing the order to that effect,

It was not only in the interest of those immediately concerned, but beneficial to the general creditors, as it tended to conserve the estate. We have approved of a similar course by the assignee for the benefit of creditors, and there exists no reason for adopting a different rule with respect to property held by the receiver for the liquidation of the indebtedness of a corporation. *Bryant v. Fink,* 75 Iowa, 516; *Plow Co. v. Breese,* 83 Iowa, 553; *Cressy v. Manufacturing Co.,* 91 Iowa, 444. See *In re Windhorst,* 107 Iowa, 58.

V. But the appellants have filed their claims, and these have been allowed. This gave them the right to insist, through their petition of intervention, on the just distribution of the assets of the estate, and that no preferences be given save those fixed by law. The creditors obtained nothing by virtue of their stipulation save the recognition and protection of existing liens, and, if more was attempted, it will be of no avail. It would be a novel practice which would permit creditors, not parties to the action, present in court, by stipulation to provide for the payment of themselves by the receiver of an insolvent corporation to the exclusion of others. It may well be doubted whether they yielded anything, in surrendering the property to the receiver, which might not have been required of them, as it would seem creditors have no vested rights in methods or remedies. See Gluck & B. Receivers, section 41; *Ellis v. Water Co., supra; Walling v. Miller, supra; Wishall v. Sampson,* 14 How. 52. The conflicting views on this point are well put in the opinion of the court in *State v. Superior Court of Chehalis County, supra,* and the dissenting opinion of Chief Justice Dunbar. It is not necessarily involved, and we do not pass upon the question. In *Hubbell v. Investment Co.,* 97 Iowa, 135, the right of the parties to a contract or action to agree on the appointment of a receiver was recognized. Here the creditors were not parties. The very basis of the action was the insolvency of the corporation, the necessity of a receiver to protect its property, and the distribution

of its assets in satisfaction of its debts. All the secured creditors could do was to insist on the protection of their liens, and this they were entitled to regardless of the appointment. The court was authorized to include provision in its order for the payment of the valid incumbrances; but, in view of the insolvency of the corporation, that portion directing payment from property on which the specific liens did not exist should have been set aside. The policy of the law is opposed to preferences, and, if a part of the property may be disposed of by such an agreement, why not all of it? and, if all of it, wherefore the necessity of a receiver? The court will not aid in creating preferences, and will only recognize those existing when making the order of appointment. The receiver is merely the minister of the court, which, through him, holds the property for the benefit of those entitled to it. The property is held for the equal advantage of all, and preference orally agreed upon at the time of his appointment, not based on existing liens, must be disregarded, as their enforcement would be inequitable and unjust.

VI. The receiver collected on the assigned accounts one thousand five hundred thirty-seven dollars and twenty cents more than enough to satisfy the indebtedness secured thereby, and this balance the court directed to be applied in payment of the claims of the attaching creditors. As seen, this could not be done by virtue of the stipulation. But it is said that the levy of the writs of attachment on the books of account created an inchoate lien on the debts minuted therein. In *Pump Co. v. Miller,* 105 Iowa, 674, we held that a levy on books of account is not a levy on the debts charged therein. The authorities adjudging such a levy inchoate are based on statutes essentially different from ours. See *Elliott v. Bowman,* 17 Mo. App. 698. This balance should have been distributed to all the creditors. We discover no reason for interfering with the order in reference to costs.—MODIFIED AND AFFIRMED.