## Moores *et al.* v. Ellsworth *et al.*

1. Executor and administrator: CLAIMS SECURED BY MORTGAGE. Where
notes secured by mortgage have been filed in and allowed by the County
Court as claims against the estate of the deceased debtor, the creditor is
not thereby debarred from subsequently proceeding to foreclose the
mortgage in the District Court. He may elect to pursue this course. if
the claim, as allowed, be not paid, or he may cite the administrator before
the County Court, and obtain judgment against him under sections 2419,
2420, Revision of 1860.

*Appeal from Bremer District Court.*

WEDNESDAY, JUNE 12.

THIS action was brought at the January term of the
District Court of Bremer county, Iowa, against the execu-
tors and heirs of W. P. Harmon, deceased, to foreclose a
certain mortgage given by said Harmon in his life-time, to
secure the payment of his two certain promissory notes
given to the plaintiffs, and due respectively May 13,
1865, and May 13, 1866. The defendants filed their
answer, admitting the plaintiffs' petition, and alleging
further a special defense, " that the plaintiffs, on or about
the 26th day of January, 1866, and before commencing

this suit, did present the notes declared upon in the plaintiffs' petition, duly sworn, etc., to the County Court of said county, which had been duly examined, approved and allowed.

That the claim was a valid and subsisting claim, and that there was more than sufficient property of said estate to pay the debts and charges against the same, and asked that the suit be dismissed at the cost of the plaintiffs," to which answer the plaintiffs demurred, for that it did not constitute a sufficient defense to this action. The plaintiffs' demurrer was overruled by the court, to which ruling the plaintiffs then and there excepted, and now assign the same as error.

*Wright & Stow* for the appellants.

*Ruddick & Avery* for the appellees.

LOWE, Ch. J.—The defense set up was insufficient to bar the plaintiffs' foreclosure, and the demurrer should

1. EXECUTOR AND ADMINIS-TRATOR: claims secured by mortgage.

have been sustained. We can perceive no reason why the allowance of a claim, secured by mortgage, although duly filed and proved before the County Court, against the estate of deceased, should constitute a waiver of the right subsequently to foreclose the mortgage.

It is a well understood rule of law that a mortgage lien continues until the debt, to secure which the same was executed, shall have been paid or extinguished. Such filing, proof and allowance were simply a notice and the establishment of a claim, agreeably to the provisions of the administration laws, which the executors were authorized to pay. If it was not paid, it was competent for the plaintiffs in this case, under sections 2419, 2420 of the Revision, either to cite the administrators before the County Court and obtain judgment against them, if no

cause to the contrary is shown, or, at their election, to institute a proceeding to foreclose their mortgage, as they have done in this case. As bearing more or less on this subject, see *Wahl* v. *Phillips*, 12 Iowa, 81; *Allen* v. *Mower*, 16 Id., 307; *The State* v. *Lake*, 17 Id., 215; *Hershey* v. *Hershey*, 18 Id., 25.

Reversed and cause remanded.

Reversed.