## EVERETT v. WHITNEY.

1. Mortgage: DELIVERY: AGREEMENT TO RECORD. Where a creditor authorized his debtor to execute a chattel mortgage to secure his debt, on property to be selected by the latter, the creditor being a non-resident of the state, and to have the same recorded, it was held that the filing for record by the debtor of a mortgage executed in accordance with such agreement constituted a delivery to the mortgagee.

*Appeal from Cass District Court.*

SATURDAY, DECEMBER 11.

ELIJAH EVERETT was engaged in the stock business in Cass county in this State, in the year 1875, and for some time thereafter. In November, 1875, he borrowed of the plaintiff the sum of $800. The plaintiff was then and still is a resident of the State of Ohio. On the 28th of April, 1876, said Everett executed a mortgage upon certain chattels to

secure the payment of said loan, and delivered the same to the recorder of Cass county for record. On the same day, but after the delivery of the mortgage to the recorder, the property therein described was seized upon a writ of attachment in favor of the defendant Whitney and against said Everett. The plaintiff instituted this action in replevin to recover the property. There was a trial by jury—verdict and judgment for the plaintiff. Defendant appeals.

*Phelps & De Lano*, for appellant.

*A. S. Churchill*, for appellee.

ROTHROCK, J.—The evidence tended to show that the negotiations for a loan were made at the plaintiff's residence in Ohio; that part of the money was paid over at the time, and the balance remitted by plaintiff to Everett after his return from Ohio; that a promissory note for the amount was afterwards executed and sent to the plaintiff. The agreement for the loan was that Elijah Everett should secure its payment either by personal security or by a mortgage upon personal property belonging to him in Cass county. The evidence further shows that it was agreed that, in case a mortgage should be executed, said Everett was to take it to the recorder's office and leave it for record for the plaintiff, and pay the recorder's fee.

1. MORTGAGE: delivery: agreement to record.

The court instructed the jury upon the question as to the delivery of the mortgage as follows:

"III. If at the time the debt was contracted, which is evidenced by the note dated November 23, 1875, it was agreed between plaintiff and Elijah Everett that the debt should be secured by a chattel mortgage or bill of sale of personal property, and it was left with Elijah Everett to determine the particular property which should be included in the instrument, and it was agreed between them that Elijah should execute the instrument and have it recorded, and in pursuance of that

agreement he did execute it and leave it with the recorder to be recorded; that act was in effect a delivery of the instrument, and it became effective as a mortgage from the date of such delivery.

"IV.   And if it was the agreement between plaintiff and Elijah Everett that the latter should secure the said indebtedness to plaintiff, either by personal security or chattel mortgage, at the option of Elijah Everett, and that he should in case he gave a chattel mortgage place the same in the recorder's office for record, and Elijah did execute the mortgage under which plaintiff claims, and placed it in the recorder's office for record in pursuance of his agreement with plaintiff, the act was in effect a delivery of the mortgage."

It is urged by appellant that these instructions are in conflict with the rule announced by this court in *Day v. Griffith*, 15 Iowa, 104, and *Cobb v. Chase*, 54 Iowa, 253. In the former case there was an agreement that the debt should be secured, but no specific property nor character of security was referred to. The debtor, without the knowledge of his creditor, executed and filed for record a chattel mortgage. It was held that there was no delivery as against an intervening attaching creditor. In the latter case it was agreed that the debtor should execute a chattel mortgage upon some cows and other stock, but the animals were not specially pointed out nor agreed upon. Afterwards the debtor, in the absence of the creditor and without his knowledge, executed a mortgage upon certain cattle and filed it for record. It was held that this was not a delivery as against an attaching creditor.

The case at bar differs from both of the cited cases in what appears to us to be a very important particular. In this case the evidence tends to show that there was an agreement that the mortgagor should deliver the mortgage to the recorder and pay for the recording. It is also fairly to be inferred that the debtor should select the property to be included in the mortgage, because the creditor's residence was hundreds of miles from the property, and it was not contemplated that

he should be present at the execution of the mortgage. We know of no reason why the creditor could not make the debtor his agent to file the mortgage for record, and under the circumstances of this case the delivery to the recorder was as effectual as if delivered to the plaintiff.

It is urged however, that the third instruction is erroneous because it was given upon a theory having no support in the evidence. It is said that there was no evidence that Everett was authorized to determine what particular property should be included in the mortgage. We think the contract of the parties and all the surrounding circumstances contemplated that the mortgage should include such property as said Elijah should select. The plaintiff had never seen the property, and, so far as appears, never expected to see it, and although in his evidence he says that the mortgage was to be upon all of Elijah's chattel property, yet Elijah testifies that it was to be on sufficient property to secure the note. It is said it was not given on sufficient property to effect that purpose. This cannot affect the security. If Elijah Everett was mistaken as to the value of the property, this should not prejudice the plaintiff, and certainly the defendant should not complain because more property was not mortgaged. The jury found in answer to a special interrogatory that the plaintiff selected Elijah Everett " to select and pass upon the sufficiency of the security offered by the execution of the chattel mortgage made by E. Everett, April 28, 1876, and to receive and accept the same for him." We know of no reason why it was not competent to invest the debtor with this authority, and we think when the mortgage was deposited with the recorder it was a complete delivery. See *Sargeant v. Salberg*, 22 Wis., 132. This disposition of the question renders it unnecessary to discuss the instructions asked by the defendant. They were, in principle, the opposite of those given by the court, and we think they were properly refused.

AFFIRMED.