## IN RE ASSIGNMENT OF GUYER.

1. **Assignment for Benefit of Creditors:** EXCEPTIONS TO REPORT OF ASSIGNEE: PLEADINGS. The report of an assignee showed that the claim of A. was secured by mortgage. To this item of the report B., a creditor, objected, on the ground that the mortgage was invalid, and created no lien. A. answered, setting up the note of the assignor to him, and the mortgage given to secure it, and claiming, by virtue thereof, priority over the other creditors. *Held* that these pleadings sufficiently presented for trial the issue as to A.'s right to priority, under § 2121 of the Code.

2. ———: PRIOR MORTGAGE: VALIDITY: CONSIDERATION: DELIVERY. G., upon purchasing goods of A., agreed, in case of financial embarrassment, to secure A. by a mortgage on the stock of goods. Afterwards, being embarrassed, he advised A. that he was about to make a mortgage pursuant to the agreement, and he did so on the same day, and placed it in the hands of M., who was not an agent of A., but who caused it to be recorded on the day of its execution. The next day G. made a general assignment to M. for the benefit of his creditors. *Held* that the mortgage was not invalid as being without consideration, nor as having been executed without the assent of the mortgagee, nor for want of delivery to the mortgagee; and that it created a lien which entitled the mortgagee to payment in preference to other creditors. *Everett v. Whitney*, 55 Iowa, 146, followed; and *Cole v. Dealham*, 13 Id., 551, and *Cobb v. Chase*, 54 Id., 253, distinguished.

*Appeal from Dallas Circuit Court.*

TUESDAY, OCTOBER 19.

J. C. GUYER made a general assignment of his property, for the benefit of his creditors, to O. Mosher. The assignee filed a report in the court below, showing a list of creditors who had filed their claims, with a statement pertaining

thereto.   In another list appeared the claims of creditors secured by mortgage.   In this list appeared a mortgage given to G. H. Atwell upon a stock of goods covered by the mortgage.   The Buell Manufacturing Company, and other general creditors, appeared and excepted to the report. Atwell filed an answer to the exceptions.   The circuit court, upon a finding of facts, held that the mortgage to Atwell was a lien upon the goods, entitling him to priority.   From this decision the Buell Manufacturing Company appeals.

*White & Clark*, for appellant.

*Robert S. Barr*, for Atwell, appellee.

BECK, J.—I.   Counsel for appellant, the Buell Manufacturing Company, first insist that the answer of Atwell, the

1. ASSIGN-
MENT for
benefit of
creditors: ex-
ception to re-
port of as-
signee: plead-
ings.

appellee, does not raise any issue for trial.   We are of the contrary opinion.   The exceptions to the report object to appellee's mortgage on the ground that, under it, he has no right to preference, and holds no lien on the property.   The answer sets up the note of the assignor to the appellee, and the mortgage given to secure it, and claims under it a lien upon the goods prior and senior to the demands of all other persons, and asks that the assignee be directed to first pay the debts of the assignor out of the proceeds of the mortgaged property. The question of the priority of the appellee's mortgage is thus fairly and plainly put in issue.   This being a special proceeding authorized by Code, § 2121, wherein no directions are found for pleadings, further than exceptions by creditors objecting to claims of other creditors, and prescribing that thereon the court shall proceed to hear the proofs of the parties, it is quite probable that no further pleadings are required by the statute.

II.   The circuit court found, among other matters which need not be specially mentioned, the following facts: (1) The

2. ———: prior mortgage: validity: consideration: delivery. assignor, at the time the debt was contracted, which was for goods purchased of Atwell, to be added to his stock of merchandise, agreed with Atwell that, in case of any financial trouble happening to the assignor, he would, by a mortgage upon his stock of merchandise, secure Atwell. (2) The assignor, becoming financially embarrassed and pressed by his creditors, advised Atwell that he was about to execute a mortgage, and this he did on the same day he sent such advice. (3) The mortgage was delivered to O. Mosher, for the benefit of Atwell. Mosher was not the agent for Atwell, but he caused the mortgage to be recorded upon the day of its execution. (4) On the next day the assignment was made. (5) It was the purpose of the assignor, from the first, to secure Atwell, and the mortgage was made in pursuance of such purpose, and of the agreement with Atwell.

III. It is urged that the agreement between the assignor and Atwell for the execution of the mortgage can have no force and effect, and can give Atwell no right, for the reason that it is without consideration. The ready answer to this objection is that the consideration of the debt was the consideration of the agreement, just as it was of the note which was given for the debt. The note was given as a security for the debt; so was the mortgage. The agreement looked to the giving and perfecting of security, and this consideration of the debt was the consideration of all these contracts for its security. Because the agreement was not performed when made, at the time the debt was contracted, it is not, therefore, invalid, as being without consideration.

IV. In the case at bar the parties agreed, when the debt was contracted, that the mortgage should be executed upon the happening of a specified event, and should cover property specifically named. The event happened, and the mortgage was then executed. The law will presume that the mortgagee assented to the mortgage. Indeed, the finding of the agreement establishes the assent without the aid of pre-

sumption. His assent expressed in the agreement was intended to and did continue up to the execution of the mortgage. The mortgage, being, in pursuance of the agreement, upon property specified therein, is valid, and creates a lien in favor of the mortgagee. *Everett v. Whitney*, 55 Iowa, 146. The facts appearing in the case at bar, that the agreement to execute the mortgage was made when the debt was contracted, and specified the property to be covered by the mortgage, distinguish it from *Cobb v. Chase*, 54 Id., 253, and *Cole v. Dealham*, 13 Id., 551, in which like facts do not appear.

V. The mortgagor having, by agreement, bound himself to execute the mortgage, and the mortgagee having assented thereto and agreed to accept it, the mortgagor would be authorized to file it for record, and the person to whom he delivered it was authorized to do this for him as his agent. The deposit of the mortgage in the recorder's office operated as a delivery to the mortgagee.

VI. It will be observed that, in our view, the case wholly turns upon the fact that the execution and delivery of the mortgage was in pursuance of and compliance with a sufficient prior agreement between the parties. It therefore becomes unnecessary to consider positions of counsel upon other questions.

The judgment of the circuit court is    AFFIRMED.