## H. D. CROOKER v. PHINEAS A. PEARSON *et al.*

1. MORTGAGE—*Foreclosure—Limitation of Action.* Under the statute, an action to foreclose a mortgage given as security for the payment of notes executed by a non-resident of Kansas, payable in another state and not barred by the five-years statute of limitations of this state, will be controlled as to its limitation by the statute of the state where the mortgage and notes were executed and are payable.

2. CONSTRUCTION *of Statute of Another State.* Where a statute of limitations of another state is pleaded in an action in this state, such statute will be construed by this court according to the construction given it by the courts of such other state.

*Error from Republic District Court.*

ACTION, brought by *Crooker* against the heirs at law of Benjamin F. Pearson and others, upon three promissory notes, executed May 6, 1878, by Benjamin F. Pearson, payable in two, four and six months after date, and to foreclose a mortgage given to secure their payment. Pearson at the time of the execution of said notes was a resident of the state of Iowa, and continued to reside there up to the time of his death. The notes executed by him to the plaintiff in error were made payable at Keosauqua, Iowa. Plaintiff in error was and is a resident of the state of Michigan. The notes were not paid at maturity, and on the 12th day of December, 1883, Pearson died, and on the 17th day of January, 1884, an administrator of his estate was duly appointed in Van Buren county, Iowa. At the time of the execution of the notes a mortgage was also executed by Pearson and wife to secure the payment of these notes, and given upon lands situate in Republic county, Kansas. This action was commenced on August 20, 1885. The defendants pleaded want of consideration and the statute of limitations. Trial by the court, at the January term, 1887. Findings and judgment for the defendants. The court found, and upon such findings rendered judgment, that the claim was barred by the statute of limitations. Plaintiff brings the case here for review.

*T. M. Noble*, for plaintiff in error.

*A. D. Wilson*, for defendants in error.

Opinion by CLOGSTON, C.: The investigation is limited to one question: whether the action to foreclose the mortgage given to secure the notes was barred at its commencement? Defendants in error insist that as this was a contract alleged by the plaintiff to be performed in the state of Iowa, and the plaintiff and defendants were non-residents of the state of Kansas, and residents of Iowa and Michigan, that the laws of Iowa, and not those of Kansas, govern. The record also

shows, in addition to the facts already stated, that shortly after the appointment of the administrator in Iowa, the plaintiff in error began his action in the district court of Van Buren county, Iowa, to establish the notes sued on as a claim against the Pearson estate, and that afterward, upon the plaintiff refusing to give security for costs, that action was dismissed, and the notes were never afterward established or filed as a claim against the estate in Iowa. Section 2421 of the Laws of Iowa reads as follows:

"All claims of the fourth of the above classes not filed and proved within twelve months of the giving of the notice aforesaid, are forever barred, unless the claim is pending in the district or supreme court, or unless peculiar circumstances entitle the claimant to equitable relief."

In addition to this section, it is conceded that the claim sued on would come under the fourth class, and that the notice referred to is the notice the law required the administrator to give after his appointment. The suit commenced in Iowa by the plaintiff upon these notes to establish them as a claim was filed within twelve months after the appointment of the administrator, and defendants now insist that, as said claim was not afterward filed and proved under said statute of Iowa as a claim against Pearson's estate, the claim is therefore barred under § 2421. This claim is plausible, and were it not for the construction given said statute by the courts of Iowa, that theory might be adopted. In *Allen v. Moer*, 16 Iowa, 307, the court said, in speaking of § 2421:

"The claims contemplated by the above section refer, we suppose, to those not in the form of incumbrances upon real estate, but to those, the holders of which are bound to seek their satisfaction primarily out of the personal assets of the decedent, which must first be exhausted before they have a right to proceed against the real estate. Not only so, but where claims in point of privity stand upon an equality and are to be liquidated *pro rata*, when the estate proves insufficient to pay the whole indebtedness. Not so, however, when the claim is a mortgage upon real estate. The holder thereof has his election to seek its satisfaction from the personal assets in the hands of the administrator, or to enforce his lien by virtue

of his mortgage against the land; which latter course gives him a priority over the general creditor, so far as it relates to the avails of the property which he holds in security."

In *Moores v. Ellsworth*, 22 Iowa, 299, the court, in speaking of the effect of filing a claim under § 2421, says:

"We can perceive no reason why the allowance of a claim, secured by mortgage, although duly filed and proved before the county court, against the estate of the deceased, should constitute a waiver of the right subsequently to foreclose the mortgage. It is a well-understood rule of law, that a mortgage lien continues until the debt to secure which the same was executed shall have been paid or extinguished. Such filing, proof and allowance were simply a notice and the establishment of a claim, agreeably to the provisions of the administration laws, which the executors were authorized to pay. If it was not paid, it was competent for the plaintiffs in this case either to cite the administrators before the county court and obtain judgment against them, if no cause to the contrary is shown, or, at their election, to institute a proceeding to foreclose their mortgage, as they have done in this case."

These decisions settle this question, for the construction given that section in Iowa must govern.

There was some evidence offered tending to show that at one time Pearson, the maker of the notes, was in Kansas long after the notes were made, but there was a total failure to show that Pearson was in Kansas save and except upon a few occasional visits. Before the heirs or others interested in this land could claim that the five-years statute of limitations of Kansas applies, it must be shown that Pearson was in the state of Kansas five years, at some period after the mortgage debt became due. This the defendants failed to show. It is conceded that under the statutes of Iowa a mortgage debt is not barred until ten years after it becomes due. This is the general limitation in that state, but under the statutes above quoted the debt would be barred were it not for the fact that a mortgage was given to secure its payment. This so far removes the bar as to permit an action to subject the mortgaged property to the payment of the debt. No personal judgment can be rendered thereon, but a judgment only that the mortgage be foreclosed

and the money applied to the payment of the mortgage debt; for if a personal judgment was rendered, it might then be filed as a claim against the estate of the maker. This cannot be done. Such claims must be filed within one year after the appointment of the administrator. Nothing then remains to the plaintiff but to foreclose and apply the proceeds from the sale of the mortgaged property to the payment of the mort-gage debt.

As the court passed upon no other question involved in this case save that of limitation, we shall not consider any other question.

It is recommended that the cause be reversed, and remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.