## CHARLES DUPONT v. WILLIAM F. McCORKLE, ASSIGNEE OF GEORGE A. SHELEY.

*Assignment for benefit of creditors—Payment to secured creditor—Preferences.*

Where on the hearing of the petition of a *secured* creditor for the payment by an assignee of his claim, which is shown to be *bona fide*, no testimony is produced to show that his security constitutes an illegal preference, and the assignee has not placed himself in a position by his pleadings or proofs to attack its validity, a decree directing such payment will be affirmed.

Appeal from Wayne. (Gartner, J.) Argued July 9, 1889. Decided October 18, 1889.

Petition by secured creditor for payment of his claim by assignee, who appeals from decree directing such payment. Affirmed. The facts are stated in the opinion.

*Harry F. Chipman,* for petitioning creditor.

*Edward W. Pendleton,* for assignee.

CHAMPLIN, J.  On December 31, 1887, George A. Sheley, of the city of Detroit, borrowed from Charles Dupont $2,500 in money, and secured the payment of the same by his note and a chattel mortgage bearing date that day.  At Sheley's request Dupont did not file his chattel mortgage.  Sheley was engaged in trade, in the line of fancy goods, bric-a-brac, and novelties, and stated to Dupont that if he filed the mortgage it might injure his credit.  Two thousand of the twenty-five hundred dollars was used in his business.

In the early part of June, 1888, Sheley told Dupont that he thought he should be obliged to make an assignment; and that he would make him a new mortgage as security, so as to cover all the stock in trade he then had.  Accordingly, on the fifth day of June, 1888, they computed the interest to that date, and he executed a new chattel mortgage upon—

"All his stock of gas fixtures, fittings, fancy goods, bric-a-brac, and novelties constituting his stock in trade; also his store fixtures of every kind,"—

Conditioned for the payment of $2,564.58, on demand, which mortgage was duly filed.

On the sixth day of June, Sheley executed a common-law assignment to William F. McCorkle of all and singular his lands, tenements, hereditaments, and appurtenances, goods, chattels, accounts, promissory notes, bonds, bills, debts, choses in action, claims, demands, property, and effects of every kind and description, real, personal, and mixed.  The assignee took possession of all the property of his assignor, including the property covered by the chattel mortgage, and has converted the same into cash.

The petitioner filed his petition in the circuit court for the county of Wayne, in chancery, setting forth the fact of the assignment, the indebtedness of Sheley to him, and his secur-

ity by chattel mortgage on the stock in trade; that the assignee had converted the stock into money sufficient to pay such indebtedness; and asking for an order that the assignee be directed to pay the full sum of money due him from Sheley.

McCorkle answered the petition, admitting his appointment as assignee, and the conversion of the principal part of the assets, which he held on deposit; that Dupont had filed a claim against the estate for $2,564; that as assignee he had no knowledge of the nature of the claim; that certain creditors of Sheley had notified him in writing to contest the claim of Dupont; and that therefore he asked that the determination of the matter set forth in the petition might—

"Be postponed until the decision is rendered as to the merits of the claim, as requested by certain creditors."

A hearing was had upon the petition and answer, upon proofs taken in open court, and a decree was rendered therein ordering the assignee to pay the petitioner $2,564.58, with interest from June 5, 1888, at the rate of 6 per cent. to date of payment, within two days from the making of the order.

The testimony introduced shows that the claim of Dupont is a just and *bona fide* claim against Sheley, and no proof has been produced to show that the chattel mortgage constituted an illegal preference. There was no testimony introduced tending to show whether the chattel mortgage covered the whole or any considerable part of the assignor's property, nor the value of the assets assigned, nor what creditors Sheley had at the time of the assignment, nor when they became such. The assignee representing the creditors has not placed himself in a position either by his pleadings or proofs to attack the validity of the petitioner's mortgage security.

The decree of the circuit court, as this record stands, is correct, and must be affirmed.

The other Justices concurred.