In the Matter of Assignment of Otto G. Windhorst, George Bogart, Assignee, Gauss, Shelton Hat Company, Intervener, Appellant.

**General Assignment:** mortgages. Where a chattel mortgage has been signed and delivered in good faith, but without being acknowledged by the mortgagor, what he may afterwards do, or what the mortgagee thereafter may learn in regard to the mortgagor's assignment for the benefit of creditors on the following day, can not affect its validity.

**Rule Applied.** A mortgage signed and delivered in good faith and for a valid indebtedness, is not invalid because the mortgagee's attorney learned of the preparation by the mortgagor of a deed of assignment before the mortgage was acknowledged, and which was recorded immediately after the mortgage, where the mortgagee at the time of delivery was ignorant of any intention on the part of the mortgagor to make such assignment.

**Waiver of lien.** A mortgagee does not waive his lien by yielding possession of the property to the mortgagor's assignee for the benefit of creditors, where the latter knew of the lien and that the mortgagee did not intend to relinquish or waive it, and recognized it in obtaining possession.

**Rule Applied.** Where the deed to an assignee for the benefit of creditors conveyed property subject to a valid chattel mortgage, and the mortgagee, being in possession, delivered it to the assignee on his agreement to pay the mortgage, the mortgagee did not thereby lose his lien, but transferred it to the fund acquired from the assignee's sale of the property.

**Enforcement of mortgage.** A mortgagee is not required to file his mortgage with the mortgagor's assignee for the benefit of his creditors where he does not claim under the assignment but demands payment of the lien independent thereof.

**Foreclosure.** A chattel mortgagee is not entitled to expenses of a trip to foreclose a mortgage, which he does not show to be necessary or reasonable.

*Appeal from Page District Court.*—Hon. Walter I. Smith, Judge.

Saturday, December 17, 1898.

THE assignor, Otto Windhorst, on the thirteenth day of January, 1896, signed and delivered to Gauss, Shelton Hat Company, in St. Louis, Missouri, a note for nine hundred and fifteen dollars and ninety-five cents, and a chattel mortgage securing its payment, covering his stock of goods at Shenandoah, Iowa. The mortgagee sent an attorney with Windhorst to take possession, and they arrived at Clarinda the following day, where the mortgage was acknowledged, and Windhorst executed a deed of general assignment for the benefit of his creditors. Both instruments were filed for record, the mortgage five minutes before the deed. They then proceeded to Shenandoah, where the stock was turned over to the attorney, who, on the following morning, delivered it to Windhorst, as agent of Gauss, Shelton Hat Company. He continued in possession until February 3, 1896, when the assignee took the stock remaining, and reduced it to cash. In the meantime Windhorst had realized five hundred and thirty-three dollars and thirty cents on sales, and this, less legitimate expenses, should be credited on the note. On the seventeenth day of September, 1896, in his final report, the assignee called attention to this company's mortgage, saying no claim had been filed. Thereupon it filed a motion, which, by agreement, was to be treated as a petition, setting up the foregoing facts, and that possession was yielded to the assignee on his express promise to pay the balance due on the note and mortgage. The assignee's answer is in two counts: (1) That he took possession of and sold the merchandise with the knowledge and consent of the company, and that it has never filed with him its claim as required by law; (2) that the mortgage was fraudulent, in that its purpose was to hinder, delay, and defraud creditors, and, with the deed, constituted a general assignment with preferences. The demurrer to the first count on the ground that, the mortgage being a lien, the law did not require the claim to be filed, was sustained. That to the second count, saying the assignee was estopped from setting up such a defense, was overruled. The

company replied, pleading the good faith of the mortgage, that it was taken without knowledge of Windhorst's intention to execute the deed of assignment, that because of its lien on the property it was not required to file a claim with the assignee, and that the cause of its delay in proceeding on its mortgage was Bogart's promise to pay the balance due on the note. Afterwards the company filed an amendment to its petition, averring more particularly the matters alleged in its reply. The assignee demurred to the amendment on the ground that there was no allegation the goods were not sold subject to the mortgage, and the agreement of the assignee, if made without the order of the court or the assent of the creditors, was void. By agreement this was to be determined on final hearing. Evidence was introduced, and a decree entered, dismissing the company's petition.—*Reversed.*

*T. E. Clark* for appellant.

*C. S. Keenan, Parslow & Scott* and *G. B. Jennings* for appellee.

LADD, J.—The mortgage of the Gauss, Shelton Hat Company was valid. It was signed and delivered in St. Louis, Missouri, January 13, 1896, in good faith, and to secure a valid indebtedness. That the company was not then advised of any intention on the part of the mortgagor to make a general assignment for the benefit of his creditors appears from the testimony of its secretary, who settled the account and received the security, and of Windhorst, who swears that no such intention existed until the following day. This evidence is uncontradicted, and is not inconsistent with the circumstances disclosed by the record. As the mortgage had been signed and delivered in good faith on the thirteenth, what Windhorst did on the following day, or what the company's attorney then learned, could not affect its validity. The acknowledgment was only essential for the purpose of recording, and imparting notice. The fact of

the attorney traveling with Windhorst from St. Louis, and acquiring knowledge of the preparation of the deed of assignment, is not inconsistent with the entire good faith of the transaction.   The company, then, was in the rightful possession of the stock of goods for the purpose of foreclosing a valid mortgage from the fourteenth day of January, 1896, until February 3d of the same year, when its agent delivered it to the assignee.

II.   By yielding possession of the goods, the mortgagee did not necessarily waive its lien.   Had the validity of the mortgage been in dispute, or had the assignee obtained the stock under any claim inconsistent with the existence of the lien, then there might be some force in such a contention.   The deed to the assignee conveyed the stock subject to the mortgage.   *Meyer v. Evans,* 66 Iowa, 184. Had it been invalid, the right of the assignee to arrange for its satisfaction might well be questioned.   As it was a lawful lien on the assigned property, he was authorized, in conserving the estate for the benefit of the creditor to arrange for its payment out of the proceeds derived from the sale of the property. *Rock Island Plow Co. v. Breese,* 83 Iowa, 558.   It is quite immaterial whether he agreed to pay it under the order of the court, or out of the first sales.   That he knew of the lien, and recognized it in obtaining possession, and that the company did not intend to relinquish or waive such lien, and the assignee did not so understand, there is not the slightest doubt.   True, Bogart insists he made no promise to pay the mortgage.   He knew, however, that Windhorst was in possession under the mortgage, and the direction of the company to turn the goods over to the assignee was certainly given in reliance on Windhorst's representation that such a promise had been made. The latter testified it was so agreed, and Vandervoet that upon demand of payment Bogart promised to pay the balance due as soon as a landlord's lien was satisfied.   If an unequivocal promise was not made, Windhorst was led by the assignee to believe the interests of the mortgagee would be protected, else

he would not have yielded possession. But, in view of the circumstances, we must hold that the promise is established by a fair preponderance of the evidence. It is optional with a mortgagee whether he forclose or rely on appropriate orders of court for the protection of his security. *Garner v. Fry,* 104 Iowa, 520. In such a case the lien follows the fund derived from the sale of the mortgaged property by the assignee. *Lindemann v. Ingham,* 36 Ohio St. 1; *Gibson v. Warden,* 14 Wall. 244; *In re Dupont,* 76 Mich, 676 (43 N. W. Rep. 582). See *In re Guyer,* 69 Iowa, 586. This is because the assignee is an officer of court, and the sale of the property directed by law. The principle is recognized in *Waters v. Bank,* 65 Iowa, 234, where the property was sold by a person not an officer, and it was held in such a case the fund could not be followed.

III. The claim was never filed with the appellee, nor do we think this was necessary. The mortgagee was not claiming under the assignment, but payment of its lien independent thereof. See *Allen v. Moer,* 16 Iowa, 307; *Moores v. Ellsworth,* 22 Iowa, 299; *Cocke v. Montgomery,* 75 Iowa, 259.

IV. The appellant includes in the item of expenses that of a trip in foreclosing the mortgage. This is not explained, nor shown to have been necessary or reasonable. The other expenses, amounting in the aggregate to eighty-seven dollars and five cents, will be allowed.

The proceeds of the sales, less the expenses, should be indorsed on the note as of the date received, and the balance paid from the fund in the hands of the assignee.—Reversed.