E. S. KELLY, Appellant, v. T. J. RYAN & SON and BANK
OF DEFIANCE.

Chattel Mortgages: CONSIDERATION.  A chattel mortgage given to
1  secure an indebtedness contracted under an arrangement that
the mortgage to secure the same should thereafter be executed,
or if given for a preexisting unsecured indebtedness, is sup-
ported by a sufficient consideration.

Chattel Mortgages: FRAUD.  The taking of a chattel mortgage with
2  knowledge that the mortgagors are indebted to other parties
is not a fraud.

Same: EVIDENCE.  In replevin of cattle purchased of plaintiff under
3  alleged false representations, the evidence is held insufficient to
show any fraud on the part of defendant, a mortgagee, in in-
ducing the sale.

Same.  On an issue between creditors as to defendants taking a
4  mortgage on property claimed by plaintiff, his purpose in doing
so respecting a prior and independent mortgage was immaterial.

*Appeal from Shelby District Court.*—HON. W. R. GREEN,
Judge.

THURSDAY, DECEMBER 17, 1908.

ACTION of replevin to recover the possession of cer-
tain described cows and calves sold by plaintiff to the de-
fendants Ryan & Son, and alleged to have been procured
by said defendants by false representations of solvency.
The defendant Bank of Defiance asked judgment for the
possession of the property under a chattel mortgage.  The
defendants Ryan & Son consented to judgment being en-
tered against them confirming the title to all of the animals
in plaintiff.  There was a trial on the issue as between
plaintiff and the defendant Bank of Defiance arising under

allegations by plaintiff of fraud in the taking of the mortgage, and also fraud in procuring the sale by plaintiff to Ryan & Son. At the conclusion of the evidence the court on motion directed a verdict in behalf of the defendant bank, and from judgment on this verdict the plaintiff appeals.—*Affirmed.*

*Byers, Lockwood & Byers,* for appellant.

*Cullison & Robinson,* for appellees.

McCLAIN, J.—The cows and calves, possession of which was asked by plaintiff in this action, were sold by plaintiff to Ryan & Son in Ohio, where the plaintiff resided, in May, 1902, and were placed by said purchasers on their farm in Shelby County, in this State. On September 24, 1902, these animals with others, were included in a chattel mortgage given by Ryan & Son to the defendant bank to secure the payment of a note for $10,000, and it is conceded that the claim of the defendant bank to the possession of the animals under its chattel mortgage is superior to any claim of the plaintiff to their possession under a rescission of sale on account of fraudulent representations of the purchasers Ryan & Son with reference to their solvency at the time of such purchase, unless it is made to appear, either that the mortgage was without validity for want of consideration, or that there was some fraud in the transaction on the part of the defendant bank which would subordinate its claim to that of the plaintiff.

I. The evidence does not tend to show any want of consideration for the mortgage. It appears beyond question that one L. F. Potter, who was president of the defendant bank and also of the First National Bank of Harlan, made an arrangement with Ryan & Son by which it was agreed that the First National Bank would honor drafts by Ryan & Son

1. CHATTEL MORTGAGES: consideration.

for the purchase of cattle in Kansas, provided Ryan & Son would give to the Bank of Defiance a note and mortgage covering the amount of such drafts and balance of account against Ryan & Son held by the First National Bank, and that, when on September 24th the note and mortgage were given to the Defiance Bank, the indebtedness of Ryan & Son to the First National Bank was assumed by the Bank of Defiance. There can be no question as to the validity of a chattel mortgage given to secure an indebtedness contracted under an arrangement that a chattel mortgage to secure the same shall thereafter be executed. *In re Assignment of Guyer,* 69 Iowa, 585. Even if the mortgage had been given for a pre-existing unsecured indebtedness, it would be valid. *Johnston v. Robuck,* 104 Iowa, 523; *Meyer v. Evans,* 66 Iowa, 179.

II.   The chattel mortgage being valid as between the parties, the only remaining question is whether there was any fraud on the part of the Bank of Defiance and L.

2. CHATTEL MORTGAGES: fraud.

F. Potter which would subordinate the claim of the defendant bank under such mortgage to plaintiff's claim of a right to rescind on account of the fraud of Ryan & Son. The mere fact that when the mortgage was taken Potter, who acted for the defendant bank in the transaction, was aware that Ryan & Son were then indebted to the plaintiff, would be wholly immaterial. It is not contended for appellant that one creditor taking from a debtor a chattel mortgage to secure his claim commits a fraud on other creditors who are unsecured, and there is no evidence that Potter knew or was bound to have knowledge of the fact that some of the animals included in the chattel mortgage had been procured by Ryan & Son from the plaintiff by false representations as to solvency. Indeed, there is no evidence in the record that any false representations of solvency were made by Ryan & Son to the plaintiff at the time these animals were purchased.

The fraud of Potter which plaintiff attempted to establish consisted in the writing of a general letter, which was given to one of the members of the firm of Ryan &

3. SAME: evidence.
Son when he was about to go to Ohio to purchase stock. This letter, which was presented by said Ryan to the plaintiff before purchasing the animals in question, was as follows: "First National Bank, Harlan, Iowa, May 10, 1902. To whom it may concern: This will introduce Mr. H. R. Ryan, of the firm of T. J. Ryan & Son, shorthorn cattle breeder, near Irwin in this county. This firm has been doing business with this bank for some time and have been prompt in meeting their obligations. They have a good reputation as being well posted breeders. Respectfully, L. F. Potter." There is no evidence tending to show that this letter was written with a fraudulent purpose, or that the statements made therein were not true. Ryan & Son had been doing business with the First National Bank of Harlan, and while the firm had in a few instances overdrawn its account with that bank in small amounts, notwithstanding its agreement that it would keep all indebtedness secured, it does not appear that it had not in every instance covered such overdrafts to the satisfaction of said bank on being requested to do so. It does not appear that Potter had any reason to suppose at the time this letter was written that Ryan & Son were insolvent or unable to meet their obligations.

Some point is made in argument of the fact that a prior mortgage to the First National Bank covered all the stock owned by Ryan & Son and all additions made there-

4. SAME.
to, and it is contended that the purpose of Potter in writing the letter above set out was to enable Ryan & Son to purchase other stock on credit which should thus be rendered subject to such prior mortgage. We think, however, that, in the absence of any other showing of fraudulent intent, no such fraudu-

lent purpose could be inferred. However this may be, the fraud now alleged as invalidating the mortgage of September 24th had no reference whatever to any fraudulent purpose with regard to the mortgage existing prior to the purchase of the cattle. No connection between the two transactions is indicated in the evidence, and on the issue as to a fraud in the mortgage of September 24th the purpose of Potter in relation to a prior, independent and unconnected mortgage would be wholly immaterial.

Plaintiff failed entirely to sustain his allegations of fraud as against the defendant bank or Potter as president thereof or to introduce any evidence on which a finding of fraud could be predicated.

The court was therefore justified in directing a verdict for the defendant bank and the judgment is *affirmed*.